States v. Walker and Mr. Murray. Good morning your honors, counsel. May it please the court, my name is Ronnie Murray, I'm the attorney for the appellant Richard Walker. This case does not require the court to create a circuit split to rule in Walker's favor. When the 10th and the 4th circuits created an exception to the categorical approach, they were dealing with the advisory sentencing guidelines. The primary issue in this case is not a guideline issue. The primary issue here is whether federal crime was committed, or in other words, whether Walker was subject to federal criminal liability during the indicted time frame. Counsel, I'm going to ask you a question that I'd also like the government to answer. It seems to me that the parties have conceded that he can't be a Tier 1 offender. No. Okay, well Tier 1 offenders have to register for 15 years. Correct. But the statute expressly says that the time served, and he served 4 years, isn't counted. And some other circuits have also suggested that any other time spent in confinement during that period also stops the clock. But putting that aside, if we take out the 4 years that he did serve after his probation was revoked on this charge, he's within the 15-year period. So even if he was a Tier 1 offender, if I'm calculating that right, it would be at 14 years, 8 months, 21 days would be the outside limit. He still would have been in violation. Well, I don't know that that tolling mechanism that similarly applies to counting a prior conviction applies to the time frame during which a person is subject to criminal liability. The government hasn't raised that as an issue. I haven't seen any authority for that proposition. And I don't know that that's the case, that that time necessarily has to subtract the time that he served in custody. I don't know where that authority lies. Well, it says it in the statute. It says that the time period is 15 years excluding, I can't remember exactly the phrase, but there's a parenthetical, excluding time spent in custody. Well, he was originally given probation and then ultimately revoked. His sentence may have been 4 years. I don't know if that's the actual time he did spend in custody, though. Given that it was in Illinois, it was not a truth in sentencing regime at that point, he probably spent far less time in custody. But again, that's not an issue that has been raised here, and I don't know that the record establishes that he necessarily served 4 years. But again, the primary issue here is whether he was criminally liable during the entitled time frame. Now, answering that question does require the court to determine Walker's tier under SORNA, but for a different purpose than in White and Berry. You know, given the wide range of ages that States use for defining different crimes, would any of those State crimes ever be comparable to a Federal-defined crime? In other words, could anyone ever be a Tier 3 offender? Yes. In fact, Walker was initially charged with a Tier 3 offense. He was charged with 4 original counts in his charging documents. He pled to only one of them. One of those counts did require victims under 10 years old, and had he been found guilty of that count, that would have necessarily complied with the age threshold that Tier 3 requires. By now attributing that conduct to him that was ultimately dismissed, we have deprived him of the benefit of his negotiated plea deal, and this is precisely the scenario that the Supreme Court warned against when it implements the categorical approach, because fact-finding like this, and specifically, particularly in this case, as a prime example, it deprived defendants of the benefit of their negotiated plea deal. So, yes, absolutely there are statutes that would comply with Tier 3's age cutoff requirement. A lot of statutes don't. I agree with that, but there are those that still do. It just seems that here the specific ages of the victims are readily discernible. And so a court should use a circumstances-specific approach as opposed to a categorical approach to labeling his prior crime. Your Honor, I'd have two responses to that. First, the ease with which a prior fact can be determined has never been an excuse to supplement the categorical approach. In case after case, when the Supreme Court implemented and employed the categorical approach, they made no distinction for facts that a judge might easily discern from facts that might be more difficult to discern. So I don't think that's a rationale to deviate from the categorical approach. And beyond that, this text itself does not call for a categorical approach. The age of the victim. Sotomayor, what about our decision in Rogers, as well as the Tenth and Fourth Circuits? Don't those decisions indicate that age is an appropriate fact-specific inquiry to make an otherwise, to make in an otherwise categorical determination of tiers? Practically, it would be true. I mean, why would we pretend that Walker's victims might have been 13 or 14 if all parties concede and it's otherwise verifiable? Well, all parties don't concede. Four and six. It just doesn't compute in my head. My apologies, Judge Roebner. All parties don't concede. Don't have to apologize for my head. I interrupted. My apologies. All parties don't concede. Mr. Walker stipulated only to those facts necessary to sustain a conviction under the statute he was convicted. A couple of points. Your Honor mentioned Rogers and also the Fourth and Tenth Circuit cases. Those diverge and they deal with different issues. Rogers dealt with the definition of sex offense under 2911.5c and 7i. The reason why, in my view, Rogers decided that a circumstance-specific approach would be appropriate was because the text itself references specific instances of conduct. That is different from the language of Soren's tier determination under 2911.3 and 4. Those provisions specifically direct the reader to compare statutes, a prior state statute, with certain federally defined offenses. They use exclusively the term offenses. Nowhere does tier determination direct inquiry into specific conduct like the provision in Rogers was addressing. Likewise, as I was opening saying, this is distinguishable from both the Fourth and Tenth Circuits as well because they were dealing with a guideline issue. Courts have held that Sixth Amendment is perhaps less pertinent in the guideline domain. Here, however, what we're doing is we're using the fact of a prior conviction in order to determine whether someone is criminally liable. That absolutely implicates the Sixth Amendment. I agree with you. I mean, I think that the statute looks to me like I don't agree with you on your interpretation of the statute. I do think that the age of 13 seems like it calls for a circumstance-specific approach. To my mind, the really more difficult question here is the Sixth Amendment question that you're raising because if it is indeed an element of the offense, it's a little bit complicated because SORNA is a civil statute, but it is a criminal provision and would otherwise be submitted to the jury whether or not the defendant had committed a violation of SORNA, which means that a jury has to decide whether the age of the victim. Roll with me here. Say that you're assuming it's circumstance-specific and that the jury would have to decide whether the victim was under 13. And you're saying that here no jury made that determination. The jury made only the determination that Walker's victim was under 15. It made no specific determination as to the age of those victims, and it's impossible for us to know with certainty. The affidavit that's alleged is not evidence. It's hearsay within hearsay. It's not admissible. And because Walker did not plead to a crime requiring victims below 10, that was dismissed. He had no occasion to challenge that. Right. So you're saying that the jury finding, there was no jury finding about the age of the victim, so all we have here, which would have been the case in the Tenth and Fourth Circuit cases, is a judge saying, okay, well, by a preponderance of the evidence, based on these charging documents, I can say that it's 7 and 4. Correct. However, I will concede that his statute did require a victim younger than 13, but that is beyond and above the Tier 3 age threshold, which is why it's not comparable to the Tier 3 offense. So the Sixth Amendment is absolutely implicated here, as it may be less so in White and Berry, and that's why this is distinguishable from those cases, and from those cases dealing with the definitions of sex offense, which direct inquiry into specific instances of conduct. My argument is that the age modifier calls for an element. Age is such a crucial component of sexual assault crimes that it's something that has to be found by a jury. Walker's crime contained an age element. Countless crimes contain age elements. Even Congress separated out different age brackets of child victims because age is such a crucial component. So I don't think it can be treated as simply a circumstantial factor when it is such a crucial component, such that a jury is required to find it beyond reasonable doubt. Would you like to save some time for rebuttal? I would. Thank you, Your Honor. Mr. Tableson. Good morning. May it please the Court. My name is Benjamin Tableson, and I represent the United States. Judge Barrett, to take your question first, reading through the dates in the district court opinion I set out there with docket citations, it does appear that Mr. Walker had been released for a period, was then incarcerated for four years, which I take it to be correct that the registration period, the 15-year registration period that would apply if you were a Tier 1 offender, would be told. He was then released and then charged in 2016, or charged with going to register in 2016. Assuming that is correct, this case is substantially easier than... Why didn't you bring that up? I mean, he's right. You have contended that he was a Tier 1 offender and so then violated the registration requirement because he was still within the 15 years he had to register under Tier 1. Your Honor, I... So the ship may have sailed. Well, it seems like if this Court relies on the facts in the set out in the district court and the docket citations in the district court opinion and then takes notice of those facts and addresses the pure legal question of whether he was required to register on the dates alleged in the indictment, I think this Court could reach that question and obviously I regret not... Well, yeah, because then it would be a lot easier because the Sixth Amendment problem goes away because then we're in the Tenth and Fourth Circuit world. No doubt, Your Honor. The Sixth Amendment concern would then go away and that would be much easier. Nonetheless, Mr. Walker's victims here  He is a Tier 3 sex offender. Eight circuit courts of appeals have addressed whether certain SORNA subsections call for a circumstance-specific approach. There is no meaningful distinction with respect to that analysis for 4A2, 5C, and 7I. But why doesn't a jury have to find that then? All right. So finding that the Sixth Amendment issues here... I'll divide Your Honor's question into sort of an easy part and a hard part. The easy part is that at sentencing, if Mr. Walker is a Tier 1 or Tier 2 offender, there's no doubt, there are no Sixth Amendment concerns with the judge considering the ages of the victims at that stage. Agreed. Okay. So the harder question, why aren't there Sixth Amendment concerns with... dispositive Sixth Amendment concerns with respect to the motion-dismiss stage? First, the courts that have said there are such concerns have done so in the context of statutes that set mandatory minimum penalties. So the Armed Career Criminal Act, Section 841, which this court held recalls for a categorical approach in Elder, those are cases in which those factual findings set mandatory penalties. That is not true here. Second, as Judge Robner pointed out, this is a very discreet, simple issue. In fact, age... In fact, simpler in some sense than loss, less abstract than loss, which was allowed in Nijawan. So those facts distinguish it. It's also true that in this case, just keeping this tied to the facts in this case, the ages of these victims are undisputed. It is certainly true that the appellant has said he has not conceded their ages. It's sort of like a no-contest plea to the age of the defendants. It doesn't mean they're not reliably established. And the Supreme Court said in Descamps that it's merely a Sixth Amendment concern. It is not, per se, Sixth Amendment error, even in the Armed Career Criminal Act context. Here, procedurally, it's sort of challenging to understand how, in light of Mr. Walker's conditional plea, this would have been put to a jury in any event. He's sort of taken this issue away from the jury and then said it's infirmed because the jury didn't hear it. He's pled. This came up in Widenberry in sort of the abstract because those were our sentencing cases. And the court said the appellants have pled. They are sex offenders in this case. They've taken this out of the purview of a jury. I suppose Mr. Walker could have insisted that these facts be put to a jury, had a jury hear that his prior offenders, his prior victims, rather, were 4 and 6. Well, that might have been prejudicial error. So the fact is it's just an enormously complicated... But he didn't plead to being a Tier 3. And my problem is that to be criminally liable for failing to register one of the elements that presumably a jury would otherwise find is that one violated SORNA by failing to register. And assuming you've given away your Tier 1 argument, he's only violated that element if he is in Tier 3. It seems that... That's a great question, Your Honor. It seems that some of the questions that might be put to the jury in that context are, did he register? On what date did he register? When did his registration requirement kick in? And the question I should have answered in my brief, how long did he have to register for? This purely legal question of... How old the victims were isn't purely legal, right? No, that's right. That's a factual inquiry that... In this case, Mr. Walker could have had put to a jury, I suppose. And I do think it's probably correct that if he had done so, the government would have to prove that fact beyond a reasonable doubt, in which case, I suppose, then the court would then kick in the sort of statutory interpretation question that's before this court and then make its way through to the trial. That's not what happened here. And so it's unclear, again, procedurally, how that would work. What we do know is that there is no difference in the analysis here, the Sixth Amendment analysis here, that is relevant between this case and Rogers. Rogers didn't say, well, you know, this is merely a sentencing case. And so the Sixth Amendment doesn't accrue. And as I said in Descomp, or Descomp, the Supreme Court said it's merely a concern. It's not just positive. First we look to the text and structure and purpose of the statute and the practical realities of how this would be implemented. It does matter that this would be an easy fact to determine because one of the considerations is the practical effect of having to affect this statutory regime and make this inquiry. And the purpose of SORNA is quite clear and consistent with the text. That language, against the minor who has not attained the age of 13 years, is a call for a factual inquiry, as Your Honor pointed out, that is consistent with the purpose of SORNA, which was to protect the community from people who victimized children, not just people who have been convicted of crimes with the element of young children. And it's especially true for young children. But this Court need not reach any of that because, first, as Your Honor points out, it appears Mr. Walker is a Tier 1 offender. And second, even under a pure categorical approach, Mr. Walker is a Tier 2 offender. His offense, which was in Colorado, which was committing a contact offense against a child under 15, is categorically comparable to the offense of committing a sex crime against a person who is incapable of appraising the nature of sexual contact. The group of children, ranging from babies to 14-year-olds, is at least comparable to the group of people who can appraise the nature of sexual contact. 14-year-olds? 14-year-olds. This Court actually said, and this will be for 12-year-olds, but this Court said in Geasland, 2017, that although, and this is in the context of comparing statutes, although none of these cases address a mismatch in age, we have a hard time saying that a modest mismatch in age forecloses the notion that a state offense relates to a federal offense, whereas a mismatch in the range of abusive conduct reached by the two statutes does not. We are, after all, talking about 12-year-olds who are still very well shy of the age of majority and are as vulnerable to sexual exploitation and injury as young children. Yes, so the group of babies to 14-year-olds. I'm with you on babies, to be clear. Yes, okay. But 14-year-olds, 14-and-a-half-year-olds, 14-and-11-month-old. The statutes, they don't have to be identical. They nearly need to be comparable, which leaves some room for there to be a slight mismatch. Nonetheless, it's at least reasonable for the District Court here to have found that those are comparable groups. Assuming Mr. Walker is a Tier 1 or Tier 2 offender, as I alluded to before, he was sentenced appropriately. There's no 6th Amendment issue with sentencing. The guidelines discrepancy here is vanishingly small. I think it's three months between the presumptive sentence that was applied and the presumptive sentence that would be applied. If he were a Tier 2 offender, for example, he received a below-guideline sentence in any event, and so I believe remand would be futile in this case. If there are no questions, the United States submits that Mr. Walker's appeal should be denied, his conviction and sentence should be affirmed. Thank you. Thank you, Counsel. Ms. Murray-Roberto? I'll give him a full minute so he can have a little bit extra. Thank you, and I'll try to be quick. First thing, Walker pled to being a sex offender, that's it. He didn't designate any tiers, and he only stipulated to those facts necessary for conviction under the statute he was convicted under. Nothing in the record establishes that he actually served four years in prison. That was his sentence, but there's nothing, and the government hasn't argued that would establish concretely the amount of time he was actually in custody. So if the tolling provision does count, we need to know how much time he actually spent. Right now we don't know, and I suspect he did not spend the entire four years in custody. Geesland deals with the decision under, basically the language in Geesland is whether a crime relates to a different crime. It's different and distinct from the inquiry that tier determination calls for. Tier determination directly calls for a comparison of statutes, not relating to, but comparable to. That's a more strict determination here. So the idea that different age qualifiers can nonetheless, because they might be relatable in one case, that doesn't make them comparable in tier determination. I think your Honor's questions are exactly correct. Fourteen-year-olds I don't think are included categorically within the category of those incapable of appraising the nature of the conduct. The harm sought to be prevented by child sexual assault statutes is their inability to form consent, not their inability to appraise the nature of the conduct. That's a cognitive limitation that's reserved specifically for those without any age limitation who simply can't appreciate the nature of the conduct. Moreover, Congress would have said children are in this group if they meant children to be included within that group. And beyond that, neither the government nor the district court cited any authority for that assumption. And that's just an assumption that's unfounded. Big picture, the issue here, if the court rules in Walker's favor, doesn't erase his lifetime state registration requirement. Walker still has to register for life. The question here is simply whether he's subject to additional federal penalties for failure to do so. And with that, I ask the court to overturn the district court's denial of Mr. Walker's motion to dismiss. Thank you. Thank you, counsel. The case is submitted.